UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWARD ROSS,**<br>424 Ruth Rd.<br>Arnold, MD 21012<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),**<br>1 Massachusetts Ave, NW<br>Washington, DC 20001<br><br>**Defendant.** | **Case No. 18-cv-2359** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant National Railroad Passenger Corporation (Amtrak) (hereinafter "Amtrak"), by counsel, files this Notice of Removal of the above-captioned matter from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. The grounds for removal are as follows:

1. On September 18, 2018, Plaintiff Edward Ross ("Plaintiff") filed suit against Amtrak in the Superior Court of the District of Columbia. The case is captioned as *Ross v. National Railroad Passenger Corp. (Amtrak)*, and has been assigned Case No. 18-0006578 ("D.C. Superior Court Action").

2. On September 20, 2018, Plaintiff Edward Ross ("Plaintiff") served the Summons, Complaint, and Initial Order and Addendum in the D.C. Superior Court Action by mail addressed to Amtrak's Chief Legal Officer, General Counsel and Corporate Secretary. True and correct copies of the Summons, Complaint and Initial Order and Addendum, and mailing

envelop showing Amtrak's date of receipt are attached as Exhibit A. No other pleadings or papers have been served on Amtrak in the D.C. Superior Court Action.

3. Pursuant to 28 U.S.C. §§ 1446(a), (b), and (d), the D.C. Superior Court Action, which was commenced in the Superior Court of the District of Columbia, may be removed to the United States District Court for the District of Columbia because this Court is the federal district court which includes the District of Columbia within its jurisdiction.

**Federal Question Jurisdiction – Federally-Chartered Stock Corporation**

4. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1349, because Amtrak is a federally-chartered stock corporation and the United States owns more than one-half of Amtrak's capital stock. *See* 49 U.S.C. §§ 24301 *et seq.*; *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002) (concluding district court "had original jurisdiction over the subject matter of the litigation [under 28 U.S.C. § 1331] because the action involves Amtrak and the United States owns a majority of the capital stock of Amtrak"); *see also Hollus v. Amtrak Ne. Corridor*, 937 F. Supp. 1110, 1113-14 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997); *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 758 n.1 (7th Cir. 2003); *Nat'l R.R Passenger Corp. v. Rountree Transport & Rigging, Inc.*, 286 F.3d 1233, 1259 n.25 (11th Cir. 2002).

**Federal Question Jurisdiction – Railway Labor Act Preemption**

5. Removal of this case is also proper pursuant to 28 U.S.C. § 1331 because Plaintiff's breach of contract claim arises under and is preempted by the Railway Labor Act, 45 U.S.C. § 151, *et seq.* (the "RLA"). "Amtrak is a common carrier subject to the provisions of the [RLA]." *Abdul-Qawiy v. Nat'l R.R. Passenger Corp.*, No. Civ. A. 0401030HHK, 2005 WL 3201271 (D.D.C. Oct. 25, 2005).

6. At all times relevant to the allegations contained in Plaintiff's Complaint, Plaintiff was a member of a bargaining unit whose terms and conditions of employment were governed by a collective bargaining agreement between Amtrak and the Fraternal Order of Police, Lodge # 189 (the "CBA"). *See generally* Compl. A true and accurate copy of the relevant portions of the CBA is attached hereto as Exhibit B.

7. Claims that require a court to interpret a CBA between a carrier and a union are preempted by the RLA. *See, e.g., Oakey v. U.S. Airways Pilots Disability Income Plan*, 723 F.3d 227 (D.C. Cir. 2013) (claim requiring interpretation of a CBA was preempted by the RLA); *Said v. Nat'l R.R. Passenger Corp.*, 183 F. Supp. 3d 71, 76 (D.D.C. 2016) (claim for breach of an Amtrak CBA preempted by the RLA); *Abdul-Qawiy*, 2005 WL 3201271, at *4 (same); *Nat'l R.R. Passenger Corp. v. Fraternal Order of Police, Lodge 189*, 142 F. Supp. 3d 82 (D.D.C. 2015) (finding RLA preemption applicable to labor dispute implicating terms of the CBA between Amtrak and FOP Lodge # 189). Thus, where interpretation of a CBA is necessary to the resolution of the plaintiff's claims, removal under the RLA is proper. *See Arbogast v. CSX Corp.*, 831 F.2d 290 (Table Decision), 1987 WL 3866, at *1 (4th Cir. 1987) (approving of removal based on RLA preemption where claim was grounded in the terms of a CBA); *Sirois v. Business Exp., Inc.*, 906 F. Supp. 722, 729 (D.N.H. 1995) (holding case was properly removed because plaintiff's state law breach of contract claim was completely preempted by the RLA).

8. In his Complaint, Plaintiff alleges that Amtrak reassigned him from a Detective position to a Police Officer position and that the reassignment constituted "discipline" without "just cause" or a hearing in violation of the terms of the CBA. *See generally* Compl. His sole claim asserts that his reassignment constituted a breach of Rules 6, 34 and 53 of the CBA. *Id.* In order to address Plaintiff's breach of contract claim, the Court will be required to engage in

analysis and interpretation of the CBA.  Specifically, the Court will be required to interpret the language of and interplay (if any) between Rule 2 ("Management Rights"), which states that Amtrak has the "unquestioned right" to order "new work assignments," and Rule 34 ("Discipline"), which sets forth the circumstances under which an employee is entitled to notice of discipline and the process for appealing such discipline.  *See* Exhibit B.  The Court will also have to interpret Rule 6 ("Rates of Pay"), which describes pay rates and conditions for pay increases, and Rule 53 ("Detectives"), setting forth Amtrak's right to create Detective positions and their applicable pay rates, to determine if Plaintiff's reassignment could have violated either Rule in any way.

9. As a result, Plaintiff's Complaint falls under the auspices of the RLA and is completely preempted, giving this Court federal question jurisdiction of this case under 28 U.S.C. § 1331.  *See Said*, 183 F. Supp. 3d at 79 (claim for breach of a CBA is preempted by the RLA); *Sirois*, 906 F. Supp. at 729 (RLA-preempted claims are removable).

10. The removal of this civil action is therefore proper under 28 U.S.C. § 1441(a), because this is a civil action brought in state court over which the district courts of the United States have original jurisdiction.

**Compliance with Procedural Requirements**

11. This Notice of Removal is filed with this Court within 30 days after Plaintiff served his Complaint on Amtrak.

12. The District of Columbia Superior Court lists CT Corporation, Amtrak's registered agent for receipt of service, as a Defendant.  However, Plaintiff confirmed in an October 11, 2018 telephone conversation with undersigned counsel that he was asked by a D.C. Superior Court clerk to write the name and address of Amtrak's registered agent and that he did

4

not intend to name CT Corporation as a separate Defendant. Thus, the listing of CT Corporation as a Defendant was an administrative error by the D.C. Superior Court. Accordingly, CT Corporation's consent for removal is not required. *See* 28 U.S.C. §1446(b)(2)(A)("When a civil action is removed solely under section 1441(a), all defendants who have been <u>properly joined</u> and served must join in or consent to removal of the action.") (emphasis added).

13. Attached as Exhibit C is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

14. Attached as Exhibit D is a copy of the Notice to Plaintiff Edward Ross of Filing of Notice of Removal, the original of which is being served on Plaintiff in accordance with 28 U.S.C. § 1446(a).

15. Amtrak submits this Notice of Removal without waiving any defenses to the claim asserted by Plaintiff or conceding that Plaintiff has pled a claim upon which relief can be granted.

**WHEREFORE**, Defendant Amtrak respectfully requests that the Clerk note that this action has been removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, and that all proceedings hereafter shall take place in the United States District Court for the District of Columbia.

Respectfully submitted,

Date:   October 11, 2018                     /s/ William F. Allen
William F. Allen, Bar No. 454656
Lindsay Neinast, Bar No. 998458
LITTLER MENDELSON, PC
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006
Telephone: 202.842.3400
Facsimile: 202.842.0011
ballen@littler.com
lneinast@littler.com

*Counsel for Defendant National Railroad Passenger Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2018, a true and correct copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, upon the following:

>Edward Ross
>424 Ruth Road
>Arnold, MD 21012

I further certify that, pursuant to 28 U.S.C. § 1446(d), on October 11, 2018, a copy of the foregoing Notice of Removal was served via Case FileXpress upon the following:

>James D. McGinley
>Clerk of the Court
>Superior Court of the District of Columbia
>500 Indiana Avenue, N.W.
>Washington, DC  20001

>　　　　　　　　　　　 /s/ William F. Allen
>　　　　　　　　　　　 William F. Allen